IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

REBECCA L. NICHOLS                                                                           PLAINTIFF

VS.                                             NO. 4:13CV-0124 SWW

TRI-NATIONAL LOGISTICS, INC.;
RMR DRIVER SERVICES, INC.;
JAMES PARIS, in his individual capacity;
CHARLES KYE, in his individual
and official capacities; and DONALD LEWIS,
in his individual and official capacities                                               DEFENDANTS

### ORDER

As directed by the Court, plaintiff filed a motion addressing additional discovery as to separate defendant James Paris. In addition to requesting permission to submit interrogatories and requests for production, plaintiff asks the Court for leave to take a supplemental deposition of Paris.

Pursuant to Fed.R.Civ.P. 30(a)(2)(A)(ii), a party must obtain leave of court to take a deposition of a deponent who has already been deposed in the case. The court " must grant leave to the extent consistent with Rule 26(b)(2)." Fed.R.Civ.P. 30(a)(2). Rule 26(b)(1) provides that the court may order discovery "for good cause." Rule 26(b)(2) (C) provides that a court must limit discovery otherwise allowed by the rules "if it determines that: (I) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; (iii) the burden or expenses of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."

Plaintiff states the second deposition would be confined to "areas that arose and developed and/or were discovered after the first deposition of James Paris in this case." Pl's. Mot. for Discovery at ¶ 3. Separate defendant Paris, who lives in California, argues that plaintiff has not established good cause for a second deposition. In addition, Paris says it would be duplicative and unduly burdensome and expensive for him.

Plaintiff also specifically asks for additional discovery requests as to "log books, criminal history, name, address, phone number of roommate and fiancé, text messages, voicemail messages, copies of proof of loan that he allegedly gave to Rebecca Nichols, motor vehicle reports, DAC reports[1] for the last five (5) years, PSP reports[2] for the last five (5) years, copy of the joint representation agreement that was invoked by Allen Dobson during his deposition . . . " Pl's. Mot. for Discovery at ¶ 4. Separate defendant Paris objects to the discovery requests regarding log books, criminal history, name, address, and phone number of his former roommate, Ebart Delarosa and Delarosa's fiancee because he already has responded to those questions during his deposition. As to the log books, Paris says he made plaintiff aware that he has no log books for the period of time he drove with plaintiff and any testimony from him in his deposition that he had those log books was corrected. Separate defendant Paris says he has no text or voice mail messages from January 1 through June 30, 2012, and that he will provide copies of documents demonstrating the loans he provided plaintiff if he has them. He objects to providing any motor vehicle reports, DAC reports and PSP reports for past five years because he says they are not likely to lead to the discovery of admissible evidence. Further, Paris states he already provided his DAC reports for the relevant time period.

---

[1] Reports on truck driver employment and driving records. *See* Def's. Mot. Summ. J., Ex. 34.

[2] Reports filed with the Federal Motor Carrier Safety Administration, listing driver violations, including crashes. *See* Def's. Mot. Summ. J., Ex. 41.

Separate defendant Paris also objects to providing a copy of the Joint Defense Agreement to plaintiff because it is not relevant and is privileged. He offers to provide the Court with the agreement for an *in camera* review.

The Court finds that plaintiff's motion should be granted in part and denied in part. The Court declines at this time to allow plaintiff to depose Paris again because she has not shown good cause for a supplemental deposition. The Court will allow plaintiff to propound additional interrogatories and requests for production to the extent that they are not cumulative or duplicative and otherwise comply with the scope of discovery under Rule 26. The Court denies the motion as to the production of documents Paris already has provided or does not have. The Court grants the motion as to Paris's motor vehicle reports and PSP reports to the extent they are not cumulative or duplicative. The Court denies the motion as to the Joint Defense Agreement, finding it is privileged.

Also before the Court is Paris's motion to conduct additional discovery. In response, plaintiff asserts the amount of discovery sought, particularly in light of the fact that extensive discovery already has taken place, is excessive. She asks the Court to limit the discovery permitted to what is reasonable and also offers to provide Paris and his lawyer, upon request, copies of discovery like depositions and responses. The Court finds the motion to conduct additional discovery should be granted. The discovery should not be duplicative or cumulative to that already conducted and made available to Paris.

Lastly, the Court addresses Paris's motion for leave to file an answer and counterclaim to which plaintiff objects as untimely. Upon consideration of the motion and response, the Court grants the motion. Mr. Paris has until and including July 29, 2014, to file his answer and counterclaim.

IT IS THEREFORE ORDERED that the motion discovery filed by plaintiff [ECF No. 126] is granted in part and denied in part. Separate defendant Paris's for leave to file an answer and counterclaim [ECF No. 125] and the motion for discovery [ECF No. 124] are granted.

DATED this 8th day of July, 2014.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE