# IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| REBECCA NICHOLS<br>PLAINTIFF | * * * | |
| V. | * * | CASE NO. 4:13CV00124 SWW |
| TRI-NATIONAL LOGISTICS, INC., ET AL.<br>DEFENDANTS | * * * * * | |

## ORDER

On March 8, 2013, Plaintiff Rebecca Nichols ("Nichols") filed this employment discrimination action against her former employers, Tri-National Logistics, Inc. and RMR Driver Services (collectively, "TNI"), and her former co-worker, James Paris ("Paris"). The remaining claims in this case are set for a jury trial to begin September 25, 2017,[1] and the Court has scheduled a pretrial hearing for Friday, September 22, 2017 for the purpose of addressing numerous, recently filed motions in limine. Before determining that a hearing was necessary, the Court completed written rulings, set forth below, on Nichols's first motion in limine [ECF No. 224] and Defendants' response in opposition [ECF No. 260]. **The Court's rulings on motions *in limine* are subject to**

---

[1] The remaining claims include Nichols's claim for sex discrimination against Tri-National Logistics and RMR Driver Services, Nichols's claim for intentional infliction of emotional distress against Paris, and Paris's counterclaim for breach of contract against Nichols.

1

**revision based upon developments at trial. However, any motion to reconsider the Court's prior ruling on any matter should be made outside the hearing of the jury.**

With her first motion in limine, Nichols seeks to exclude evidence of matters discussed during her first deposition, taken November 22, 2013. She itemizes the testimony at issue in a 43-point list and asserts the following arguments for each item: (1) the evidence lacks relevance and is therefore inadmissible under Rule 401 and (2) the evidence is otherwise inadmissible because any probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presentation of cumulative evidence and is therefore inadmissible under Rule 403. Consistent with Defendants' responses, the Court finds it efficient to address Nichols's arguments according to four general subjects raised in her motion: prior lawsuits, employment history, relationships with other co-drivers, and driving record.

*Prior Lawsuits*. Nichols seeks to exclude evidence about her history of filing lawsuits against former employers. For example, Nichols testified that she settled a previous lawsuit against Southern Refrigerated Transport ("SRT") and she sued another employer, the Texas Department of Transportation, for sexual harassment after the agency terminated her employment. Defendants argue that such evidence is relevant to show Nichols's motive or intent in pursuing this lawsuit.

Evidence of prior acts is not admissible to prove the character of a person and action in conformity therewith, but it may be admissible for other purposes, such as proof of motive or intent. *See* Fed. R. Evid. 404(b). Evidence of a prior lawsuit may be

2

admissible under Rule 404(b) on a case-by-case basis if "(1) relevant to a material issue; (2) proved by a preponderance of the evidence; (3) higher in probative value than in prejudicial effect; and (4) similar in kind and close in time to the [event at issue]." *Batiste-Davis v. Lincare, Inc.*, 526 F.3d 377, 380 (8th Cir. 2008)(quoting *Berry v. Oswalt*, 143 F.3d 1127, 1132 (8th Cir.1998)).

Here, even assuming that Nichols's prior lawsuits are relevant, similar, and close enough in time, the remaining requirement, that the probative value exceeds unfair prejudice, is a difficult requirement to meet. *See Batiste*, 526 F.3d at 380(quoting *Outley v. City of New York*, 837 F.2d 587, 592 (2d Cir. 1988)("The charge of litigiousness is a serious one, likely to result in undue prejudice against the party charged, unless the previous claims made by the party are shown to have been fraudulent."). Although evidence of prior lawsuits is not *per se* inadmissible, the Court lacks sufficient information at this time to determine whether evidence of Nichols's lawsuits is admissible in this case. Accordingly, Nichols's motion is granted to the extent that Defendants may not introduce evidence regarding Nichols's prior lawsuits without first moving for admission outside the hearing of the jury.

*Employment History*. Nichols seeks to exclude information about her past employment. For example, Nichols was fired from a job as an apartment manager, and she quit a job as an outlet mall manager. Additionally, SRT terminated Nichols because her truck became stuck in mud. After her termination, Nichols sued SRT for wrongful termination, and the parties settled during Nichols's deposition in the case. As part of the settlement, SRT agreed to "clean up" Nichols's driver's record.

Defendants assert that Nichols has failed to explain how evidence relating to her employment history is irrelevant and inadmissible. However, the burden is on the introducing party to establish relevancy and admissibility. The only specific items that Defendants argue have relevance is evidence that Nichols drove as part of a two-person driving team with a male driver for many years and that she failed to include information about previous employment on her job application with TNI.

Evidence about Nichols's history of a driving with male co-drivers with whom she had romantic relationships is arguably highly relevant to Nichol's remaining claims. To establish a claim of outrage, Nichols must show that Paris's alleged conduct was the cause of her distress,[2] and to prevail with a sexual harassment claim, she must show that Paris's advances were unwelcomed. *See Beard v. Flying J, Inc*., 266 F.3d 792, 801 (8th Cir. 2001)(noting that an employee's workplace behavior is highly relevant to the question of whether the alleged harassment was welcome); *see also Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 69, 106 S. Ct. 2399, 2406 (1986)(noting that complainant's sexually provocative speech or dress was "obviously relevant" to whether sexual advances were unwelcome and it was for trial court to weigh the whether any relevance was outweighed by the potential for unfair prejudice). The Court is likely to admit this

---

[2] "To establish a claim of intentional infliction of emotional distress, a plaintiff must prove that: (1) the defendant intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his conduct; (2) the conduct was extreme and outrageous and utterly intolerable in a civilized community; (3) the defendant's conduct was the cause of the plaintiff's distress; and (4) the plaintiff's emotional distress was so severe in nature that no reasonable person could be expected to endure it." *Jones v. Clinton,* 990 F. Supp. 657, 676–77 (E.D. Ark. 1998)(citing *Milam v. Bank of Cabot*, 327 Ark. 256, 264–66, 937 S.W.2d 653, 658 (1997); *Hollomon v. Keadle*, 326 Ark. 168, 170–71, 931 S.W.2d 413, 415 (1996); *Cherepski v. Walker*, 323 Ark. 43, 913 S.W.2d 761, 767 (1996); *Croom v. Younts*, 323 Ark. 95, 913 S.W.2d 283, 286 (1996)).

evidence based on the record as it now stands.  As for evidence about a job application, depending on the developments at trial, evidence that Nichols failed to provide complete information might be admissible for impeachment purposes, but such a determination must wait for trial.  Accordingly, Defendants are instructed not to introduce any evidence regarding Nichols's employment history without first moving for admission outside the hearing of the jury.

*Relationships with Co-drivers*.  Nichols had a romantic relationship with a truck driver named Houston Rouse, and the two drove as a team for five years.  According to Nichols, such evidence is irrelevant and inadmissible.  For reasons previously explained, the Court finds that such evidence is highly relevant to Nichols's claims.  Whether such evidence is admissible under Rule 403 is the dispositive question, and even though the Court is likely to admit this evidence at trial, Defendants are instructed not to introduce any evidence regarding Nichols's relationships with other co-drivers without first moving for admission outside the hearing of the jury.

*Nichols's Driving Record.*  Nichols seeks to exclude evidence of her driving record and traffic incidents that occurred while she drove for TNI.  Such incidents include accidents that caused TNI to terminate Nichols's employment in September 2011.  Defendants argue that such evidence is relevant to why it required Nichols to work on a drive team and why TNI failed to take Paris off duty and allow her to drive solo.  The Court agrees that Nichols's driving record is relevant and admissible.  Nichols's motion is denied as to evidence of her driving record.

IT IS THEREFORE ORDERED that Plaintiff's motion in limine [ECF No. 224] is GRANTED IN PART AND DENIED IN PART as provided in this order.

IT IS SO ORDERED THIS 20TH DAY OF SEPTEMBER, 2017.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE